Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff, Glenn David Paranal Lacaman

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN DAVID PARANAL LACAMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CIR LAW OFFICES INTERNATIONAL, LLP,<br><br>Defendant. | Case No. '17CV1812 DMS KSC<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL ACT |

## INTRODUCTION

1. Plaintiff, Glenn David Paranal Lacaman ("Glenn Jr." or "Plaintiff"), through his counsel, brings this action to challenge the acts of CIR Law Offices International, (hereinafter "CIR" or "Defendant"), regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

/ / /

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7. As Defendant does business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

8. Venue is proper as Defendant does business in the County of San Diego and the acts at issue took place in the County of San Diego.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in the County of San Diego, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant CIR is a California limited liability partnership, or "LLP."

11. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

/ / /

12. Defendant, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Defendant claims or claimed that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTS COMMON TO ALL CAUSES OF ACTION**

16. Before March of 2016, Plaintiff's father, Glenn Ducayag Lacaman ("Glenn Sr") opened a consumer credit card account, (Account") for personal use, with Discover Bank.

17. Before March of 2016, Glenn Sr moved back to his home in the Republic of the Philippines.

18. On March 8, 2016, CIR Law Offices International, LLP ("CIR") filed a debt collection action ("State Court Action") against Glenn Sr, claiming that "Glenn D. Lacaman" owed a debt to Discover Bank.

19. The debt at issue in the State Court Action was incurred for personal, family or household purposes.

20. As Glenn Sr left the country permanently, CIR had no domestic address at which they could serve Glenn Sr to establish jurisdiction.

21. Instead, CIR filed a proof of service claiming to have served Glenn Sr at Plaintiff's address in San Diego.

22. On June 15, 2016, CIR then filed a Request for Default in the State Court Action, despite the fact that CIR never established jurisdiction for their claims.

23. CIR followed this up with a Default Judgment filed in the State Court Action on July 8, 2016, and judgment was entered by the clerk of the court on that same day.

24. On September 22, 2016. CIR filed a Writ of Execution in the State Court action.

25. As Glenn Sr. appears to have no assets in the United States, on October 6, 2016, CIR levied on the Navy Federal Credit Union savings and checking accounts of Plaintiff instead, a non-party to the State Court Action.

26. While Plaintiff's funds were seized on October 6, 2016, they were not transmitted to CIR until October 27, 2016.

27. CIR extracted all but $5.00 from Plaintiff's Navy Federal Credit Union accounts, leaving him unable to pay his rent, due on November 1, 2016.

28. On November 8, 2016, Plaintiff called CIR to speak to Leah Reeves, or Jeremy Freeman, the attorneys listed on the Writ of Execution used to levy Plaintiff's bank accounts.

29. CIR's personnel instead transferred Plaintiff to Fernando Cruz, CIR's "collections manager."

30. Mr. Cruz asked for Plaintiff's date of birth and social security number, which Plaintiff provided.

31. Plaintiff told Mr. Cruz that he needed CIR to return his funds to him.

32. CIR took no action, and did not return Plaintiff's funds.

/ / /

/ / /

33. On November 15, 2016, after receiving no response from CIR, and with his November rent still unpaid, Plaintiff sent a letter to CIR via certified mail demanding the return of his unlawfully seized funds.

34. On or about November 21, 2017, Plaintiff received an eviction notice at his home, a "3-Day Notice to Pay Rent or Move Out."

35. As CIR had unlawfully seized the money Plaintiff had set aside to pay his rent, Plaintiff was left with only $5.00 with which to pay his November rent.

36. Plaintiff suffered stress due to the very realistic threat of being kicked out of his home due to CIR's actions, and through no fault of his own.

37. Plaintiff managed to avoid eviction, but not without significant effort, stress and fear.

38. On December 8, 2016, too late to make a difference in dealing with his eviction notice, and with no explanation, CIR finally returned the majority of Plaintiff's funds to him via check.

39. For reasons that are unclear, CIR refused to return $12.00 of Plaintiff's funds.

40. CIR has also done nothing to make Plaintiff whole for the stress he experienced by having his funds unlawfully seized and receiving an eviction notice at his home of four years.

**ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA)**

41. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

42. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the *following*:

a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

d. *15 U.S.C. §1692e(4)* by implying that nonpayment of a debt will result in the seizure of property or garnishment of wages when such actions would not be lawful;

e. *15 U.S.C. §1692e(5)* by threatening to take an action that cannot legally be taken or that is not intended to be taken;

f. *15 U.S.C. §1692f* by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

g. *15 U.S.C. §1692f(1)* by attempting to collect an amount not permitted by law.

43. Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, pursuant to *15 U.S.C. §1692k.*

**SECOND CLAIM FOR RELIEF**

**(Violations of the Rosenthal Act)**

44. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

45. Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following:

a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

d. *15 U.S.C. §1692e(4)* by implying that nonpayment of a debt will result in the seizure of property or garnishment of wages when such actions would not be lawful;

e. *15 U.S.C. §1692e(5)* by threatening to take an action that cannot legally be taken or that is not intended to be taken;

f. *15 U.S.C. §1692f* by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

g. *15 U.S.C. §1692f(1)* by attempting to collect an amount not permitted by law.

46. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

47. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and California Civil Code § 1788.30(a) against Defendant and for Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

3. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant and for Plaintiff;

/ / /

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c); and

5. Such other and further relief this court may deem just and proper.

**JURY DEMAND**

1. Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: September 7, 2017

/s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff